U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 15 2016

TONY R. MOORE CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OSCAR A. VALENZUELO-YUOA (A# 097-911-634), Petitioner | CIVIL ACTION NO. 1:15-CV-2853; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| LORETTA E. LYNCH, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se Petitioner Oscar A. Valenzuelo-Yuoa. Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual and Procedural Background

Petitioner is a native and citizen of Honduras. He alleges that he was accepted in DHS/ICE custody on July 8, 2015, and has been detained since that date. (Doc. 5). Petitioner claims that his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001), because there is no significant likelihood of his removal in the reasonably foreseeable future.

On January 29, 2016, Petitioner was ordered to amend his petition to provide: (1) documentation showing when and where he entered the United States, and from what country; (2) any notice to appear that he received; (3) the date on which he was ordered removed; (4) a copy of the deportation/removal order issued by the immigration judge; (5) whether he appealed the removal order to the Board of Immigration Appeals ("BIA"); (6) a copy of the BIA's decision/order dismissing Petitioner's appeal; and (7) copies of any notices of review of Petitioner's custody status. The amended petition was due on or before February 29, 2016. To date, Petitioner has failed to comply with the Court's order.

## Law and Analysis

A district court may dismiss an action for Plaintiff's failure to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-630. Petitioner has failed to comply with the Court's order to amend his petition, and the action should be dismissed.

Moreover, according to ICE's "Online Detainee Locator System," Petitioner is no longer in custody.[1] A release from custody would not only explain Petitioner's failure to comply, but also render Petitioner's request for habeas relief moot.

---

[1] https://locator.ice.gov/odls/homePage.do

2

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15th day of March, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge